**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-7072**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HENRY EARL MILLER,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (6:06-cv-00548-HFF)

———————

Submitted: January 21, 2009      Decided: March 18, 2009

———————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Henry Earl Miller, Appellant Pro Se. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Earl Miller seeks to appeal two orders entered by the district court. The first order denied Miller's Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his letter that the court construed as a 28 U.S.C. § 2255 (2006) motion. The second order denied his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006).

The order denying Miller's Rule 60(b) motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

We conclude that the district court did not err in construing Miller's February 2006 letter as a § 2255 motion,

notwithstanding the delay in providing notice of that construction pursuant to Castro v. United States, 540 U.S. 375, 383 (2003). Miller referred to the action as a § 2255 motion in many of his pleadings, and the district court correctly assessed that the relief he sought could only be obtained in a § 2255 proceeding. Accordingly, we deny a certificate of appealability and dismiss the appeal.

To the extent that Miller's Rule 60(b) motion was a successive § 2255 motion, we construe Miller's notice of appeal and his informal brief filed in this court as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Miller's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

3

Turning to Miller's § 3582 motion, we have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. In addition, we deny as meritless Miller's motions for recusal and reassignment, to expedite, to instruct the district court to accept filing of § 2255 motion, for immediate release pending appeal, to enforce the district court's order, for default judgment, for justice and due process of law, and for answer to jurisdictional question. We also deny his motion to compel a response to his request for admissions and his motion to reverse his convictions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4